By the Court,

Savage, Ch. J.
In Stratton v. Burgis, Str. 114, an attorney undertook to appear for the defendant, an infant; et per curiam, he is obliged to do it in a proper manner, and. having entered it per attornatum when it should have been per guardianum, it may be amended. In Fitzgerald v. Villiers, 3 Mod. 236, it is said an infant may sue by prochein ami, but shall not appear by attorney, because it is intended by law that he hath not. sufficient discretion to choose an attorney. In Slaughter v. Talbot, Willes, 190, it was contended that an attachment would not lie against the prochein ami of the plaintiff because there was no judgment against him, but against the plaintiff, the infant; it was said that officers of the court were formerly appointed. On the other hand, it was contended that the only reason why a prochein ami is appointed is, that he may be liable for costs, as the infant plaintiff *is not. An attachment was granted, Willes, Ch. J. saying that officers of the court were not then appointed; and probably the reason for the change was, that the prochein ami might be- liable for costs ; for there is no reason why an-infant may not as well appoint an attorney by leave of the court as a prochein ami ; and as to the judgment, there is none against a lessor in ejectment; that argument is of no weight. In Tomlin v. Brookes, 1 Wils. 246, on motion of the defendant that the plaintiff’s attorney might be obliged to give notice to the defendant’s attorney of the place of the guardian’s residence, the order was made. From these cases, it is obvious that the only reason why a prochein ami is appointed is, that there may be a responsible person accountable for the costs.
If the appearance upon the record is by prochien ami, it would seem that the *168 agency of an attorney is recognized. The rale that an infant shall appear by prochein ami,'and not by attorney, relates to the appearance upon the record, but it is not intended to deprive the infant of the professional aid of an attorney. There is surely no good sense in requiring the attorney to enter rules and give notices in the name of the prochein ami, when it is perfectly well known that the suit is conducted by the attorney. The rule that a plaintiff who appears first by prochein ami, shall not afterwards appear by attorney, relates to the appearance on the record. For instance, an infant plaintiff declares by prochein ami; the defendant puts in a plea which requires a replication ; the plaintiff shall not reply by saying that he appears by A. B. his attorney, unless in the meantime he has come of age ; and then, I apprehend, that fact should be suggested upon the record. But when a prochein ami has been properly appointed, the pleadings are regular in the name of the prochein ami and the rules are entered properly, entitling the cause in the name of the infant by his prochein ami. The question then is, may an attorney who conducts the proceedings do so in his own name, or is he obliged to sign the name of the prochein ami to his notices, and use the name of the prochein ami in entering rules as if he were an attorney. I am of opinion he is not bound to do so, but may conduct the proceedings in his own name. The case of Tomlin v. Brookes speaks of the plaintiff's attorney giving a *notice of the place of residence of the guardian or prochein ami. This was certainly not an act to be done in the guardian’s name, but the attorney’s.
It is true that a party cannot change his attorney, without leave of the court, after having appeared by attorney; but if the plaintiff issues a capias'in proper person, I know of no rule prohibiting him from declaring by attorney.
Mandamus granted.